# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12 C 10104 | DATE | 5/22/13 |
| CASE TITLE | Mario Heriberto Picazo (#2012-0331150) vs. C/O of Cook County Jail | | |

**DOCKET ENTRY TEXT:**

The plaintiff may proceed on his second amended complaint. However, on the court's own motion, Cook County and the plaintiff's failure-to-train claim are summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915A. The clerk is directed to: (1) reopen this case; (2) file the second amended complaint; (3) terminate the Cook County Jail as a defendant pursuant to the second amended complaint and Fed. R. Civ. P. 15; (4) add Thomas Dart as a defendant; (5) issue summons for service on defendant Dart by the U.S. Marshal; and (6) send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. **The plaintiff is once again reminded that he is required to provide the court with the original plus a judge's copy of every document filed.**

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that a correctional officer at the jail violated the plaintiff's constitutional rights by using unjustified force against him. More specifically, the plaintiff alleges that the officer struck him after learning the nature of the crime with which the plaintiff has been charged.

The plaintiff has submitted a second amended complaint as directed, *see* Minute Orders of February 11, 2013, and May 15, 2013, naming Sheriff Dart as a defendant. The plaintiff may proceed on his second amended complaint.

As the court previously advised the plaintiff, Sheriff Dart is a defendant solely for purposes of helping identifying the John Doe officer in question. Once the plaintiff has obtained service on Dart, and an attorney has entered an appearance on Dart's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the officer who allegedly violated the plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the defendant's identity, he may again ask leave to amend the complaint to substitute his name. Summons will then issue for service on the
**(CONTINUED)**

mjm

defendant in interest and Sheriff Dart will be dismissed. The plaintiff is reminded that there is a two-year statute of limitations for civil rights actions. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. The plaintiff should therefore attempt to identify the John Doe correctional officer as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

On the court's own motion, the plaintiff's failure-to-train claim against Sheriff Dart and Cook County is dismissed on preliminary review pursuant to 28 U.S.C. § 1915A. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Cook County and its sheriff cannot be held vicariously liable for the alleged misconduct of an officer who presumably violated jail policy.

The plaintiff's bald allegation that the officer in question was improperly trained falls short of federal pleading requirements. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Here, the second amended complaint does not "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555)). Under the circumstances of this case, the plaintiff may sue only the John Doe officer who is alleged to have personally and directly used unjustified force.

The clerk shall issue summons forthwith for service on defendant Dart. The United States Marshals Service is appointed to serve Dart. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The Marshal is authorized to send a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. **On this single occasion, the court has made judge's and service copies of the second amended complaint. However, the plaintiff is once again reminded that he is required to provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed.** *See* Minute Orders of January 4, 2013, February 11, 2013, and May 15, 2013. In addition, the plaintiff must send an
**(CONTINUED)**

## STATEMENT (continued)

exact copy of any were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff. court filing to the defendant [or to defense counsel, once an attorney has entered an appearance on behalf of the defendant]. Every document filed with the court must include a certificate of service stating to whom exact copies